IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK A. GADDIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV-14-807-HE |
| ) | |
| MICHAEL S. RICHIE, ) | |
| ) | |
| Respondent. ) | |

# REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent filed a motion to dismiss the petition as time barred, Doc. 17, and a brief in support, Doc. 18, and Petitioner responded, Doc. 19. After reviewing all the pleadings,[1] including the documentation referred to in the motion to dismiss,[2]

---

[1] Unless otherwise indicated, the undersigned's page citations will correspond with the CM/ECF numbering, and quotations will be reprinted verbatim.

[2] Although the court's reliance on evidence attached to a motion to dismiss typically requires converting the motion to one for summary judgment, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Larson v. Agos*, 449 F. App'x 725, 729 (10th Cir. 2011). The undersigned finds that Petitioner's prior convictions and his "new" evidence, referenced in the petition, are both

the undersigned recommends that the court grant Respondent's motion to dismiss.

I. **Background.**

In Oklahoma County District Court, Petitioner pleaded guilty to several counts, including: (1) murder in the first degree after former conviction of a felony (AFCF), (2) conspiracy to commit robbery AFCF, (3) burglary in the first degree AFCF, and (4) possession of a firearm AFCF. Doc. 1, Ex. 2, at 3. On July 13, 1995, the state court sentenced Petitioner and he did not appeal. *Id.* Fourteen years later, on November 3, 2009, Petitioner filed his first application for post-conviction relief. Doc. 18, Ex. 2. The state district court denied relief on November 6, 2009, and Petitioner did not appeal. *Id.* Ex. 3. Petitioner filed numerous motions with the state court, all of which were unsuccessful, *id.* Exs. 2-8, and on January 17, 2014, he filed a second application for post-conviction relief. *Id.* Ex. 9. The Oklahoma Court of Criminal Appeals affirmed the state court's denial of that application on

---

undisputed and central to Petitioner's claims. Furthermore, this Court may take judicial notice of certain publicly-filed records concerning dispositive issues in a given case. *See Barnes v. United States*, 776 F.3d 1134, 1137 n.1 (10th Cir. 2015) ("In describing the factual background to this case, we rely in part on the records from Mr. Barnes's earlier criminal and civil cases, of which we take judicial notice.") (citations omitted).

June 6, 2014, *id.* Ex. 12, and Petitioner filed the instant action on July 18, 2014.[3]

## II. Petitioner's claims.

By and large, Petitioner presents his case in two paragraphs, both containing a string of disjointed sentences. Doc. 1, at 5, 10. In his only sufficiently-pleaded allegation, Petitioner claims actual innocence because of "newly discovered evidence that was found in [Petitioner's] file[.]" *Id.* at 10. Petitioner argues that this evidence "show[s] [Petitioner] was in jail on August 14, 1994 when [the murder to which he pleaded guilty] was reported." *Id.* at 2.

In his remaining sentences, Petitioner states, without any explanation or briefing: (1) he was "never seen by a doctor to see if testing needed to be done mental capabilities," *id.* at 5, (2) his family was "denied to look over my plea," *id.*; (3) he couldn't "read or spell," *id.*; (4) he was "told by DA Office [and] Polie Officer if I didnt give false statements in another murder case . . . I would be killed[,]" *id.*; (5) "never having a preliminary hearing or taking before magistrate on some of the cases," *id.*; (6) "broken in information report

---

[3] The court deems the petition filed on the date Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (citation omitted). Petitioner verified that date as July 18, 2014. Doc. 1, at 14.

3

with false statements by police," *id.*; and, (7) "ineffective assistance of council." *Id.* at 10.

## III. Analysis.

The undersigned finds that the petition is untimely.

### A. Statute of limitations.

The AEDPA establishes, in relevant part, a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1); *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (discussing the AEDPA's enactment date and one-year statute of limitations). As noted above, the state district court sentenced Petitioner on July 13, 1995, and he did not move to withdraw his guilty plea or appeal his convictions. So, his convictions became final ten days later on July 23, 1995. *See Fleming*, 481 F.3d at 1255 (applying Okla. Ct. Crim. App. R. 4.2(A) ("In all cases, to appeal from any conviction on a plea of guilty or nolo contendere, the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence, setting forth in detail the grounds for the withdrawal of the plea and requesting an evidentiary hearing in the trial court.")).

However, the AEDPA's one-year limitations period did not become effective until April 24, 1996. Where a petitioner's judgment became final

4

prior to the AEDPA's enactment, the Tenth Circuit extends the period of limitations to one year after the AEDPA's effective date. *See Allen v. Beck*, 179 F. App'x 548, 550 (10th Cir. 2006) ("Because [the AEDPA] went into effect on April 24, 1996, after Allen's conviction became final, Allen had until April 24, 1997 to file his petition." (citing *United States v. Hurst*, 322 F. 3d 1256, 1260-61 (10th Cir. 2003)). So, absent tolling, Petitioner's had until April 24, 1997, to file his petition.

**B.  Statutory tolling.**

Statutory tolling is available only when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). As noted above, Petitioner filed his first application for post-conviction relief on November 3, 2009, various other motions thereafter, and his second application for post-conviction relief on January 17, 2014. Clearly, all of these pleadings, even assuming they all sought collateral review, were filed well after the statute of limitations expired. So, statutory tolling does not apply. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were [untimely] . . . .").

5

### C. Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 644 (2010). However, equitable tolling is limited to "rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (citation omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Examples of when equitable tolling may be appropriate include: (1) actual innocence, (2) "an adversary's conduct—or other uncontrollable circumstance[]—prevents a prisoner from timely filing," or (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Id.* It is Petitioner's burden to prove entitlement to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

In the "TIMELINESS OF THE PETITION" section, Petitioner reiterates all his allegations in an attempt to excuse his untimeliness. Doc. 1, at 13. In his response, Petitioner references case law about ineffective assistance of counsel and reiterates his inability to read proficiently. Doc. 19, at 3, 4. The undersigned finds that even with liberal construction, Petitioner

only sufficiently alleges – for purposes of equitable tolling − (1) actual innocence, and (2) illiteracy or ignorance of the law.[4] The undersigned finds that Petitioner has not carried his burden of showing that "rare and exceptional circumstances" warrant equitable tolling in this case.

1. **Actual innocence.**

Petitioner claims actual innocence due to newly discovered evidence purporting to show that he was in jail on August 14, 1994, the date of the murder to which he pleaded guilty. *See* Doc. 1, at 2, 10; *see also id.* Ex. 1, at 1. A claim of actual innocence provides a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "[P]risoners asserting innocence as a gateway to [otherwise] defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [the prisoner] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (citing *Schlup*,

---

[4] In particular, the undersigned finds Petitioner's singular statements referring to ineffective assistance of counsel and lack of testing for his mental capabilities, with no supporting facts or explanation, simply too speculative and conclusive to consider as grounds for equitable tolling. *See, e.g., Maynard v. Chrisman*, 568 F. App'x 625, 627 (10th Cir. 2014) (holding petitioner's "one conclusory sentence" regarding mental illness insufficient to support equitable tolling); *Martinez v. Att'y Gen. of Colo.*, 527 F. App'x 793, 795 (10th Cir. 2013) (holding that petitioner's ineffective assistance of counsel claim could not support equitable tolling where he "does not state any specific facts supporting the claim").

7

513 U.S. at 327). "To raise a 'colorable claim of actual innocence,' a petitioner must 'support his allegations . . . with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Sandoval v. Jones*, 447 F. App'x 1, 5 (10th Cir. 2011) (quoting *Schlup*, 513 U.S. at 322, 324).

Petitioner cannot meet this burden because the evidence he offers – the Statement of Jail Time, Doc.1, Ex. 1 – is not new. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) ("Actual innocence claims focus on 'new' evidence—'relevant evidence that was either excluded or unavailable at trial.'") (quoting *Schlup*, 513 U.S. at 327-28). Clearly, Petitioner's whereabouts on the day of the murder were certainly known to him at trial and the evidence showing that fact is not "newly discovered." *United States v. Foy*, 540 F. App'x 828, 832 (10th Cir. 2013) (holding that when evidence simply contains "facts that would have been known . . . at the time of the trial" it is not "newly discovered evidence").

Petitioner also fails to explain the delay in presenting this "new" evidence. "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing. . . . [A] court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of . . . evidence of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935

8

(2013) (quoting *Schlup*, 513 U.S. at 332) (internal quotation marks omitted). Petitioner received the Statement of Jail Time in April 2006, Doc. 18, Ex. 13, but did not first seek post-conviction relief until November 2009 or file this petition until July 2014. Equitable tolling is not justified on grounds of actual innocence.

### 2. Illiteracy or ignorance of the law.

Petitioner alleges that he is illiterate and is ignorant of the law. Doc. 1, at 2, 4, 5, 8. But not being able to read or write proficiently is not a "rare and exceptional circumstance" that would justify equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008) (holding that a limited proficiency in the English language is not an extraordinary circumstance "warranting equitable tolling"). And, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing [of a petition for writ of habeas corpus]." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted); *see also Johnson v. Jones*, 502 F. App'x 807, 810 (10th Cir. 2012) (holding that a prisoner's allegation that he had "difficulty obtaining assistance" from law clerks or contract attorneys was insufficient to warrant equitable tolling).

So, Petitioner's claims involving his alleged illiteracy and ignorance of the law do not warrant equitable tolling in this case.

### 3. Lack of diligence.

In addition to finding Plaintiff's claims insufficient to warrant equitable tolling on their face, the undersigned also finds that Petitioner has not diligently pursued his claims. As stated above, Petitioner did not file his first application for post-conviction until November 3, 2009, three years after receiving his "new" evidence and over twelve years after the limitations period expired on April 25, 1997. And Petitioner did not file his habeas petition until July 2014, over eight years after receiving the "new" evidence and more than seventeen years after the limitations period expired. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *Sigala*, 656 F.3d at 1128 (requiring petitioner to "vigorously attempt[] to ensure his habeas petition was timely filed").

## IV. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned finds that Petitioner's petition is untimely and recommends that the court grant Respondent's motion to dismiss, Doc. 17, and dismiss the petition.

The court's adoption of this recommendation will moot Petitioner's motion to discharge his sentence. Doc. 20. In that pleading, Petitioner challenges the *execution* of his sentence, rather than the underlying

conviction. *Id.* The undersigned advises Petitioner that if he wishes to challenge the Department of Corrections' calculation and execution of that sentence, he should do so in a separate habeas petition arising under 28 U.S.C. § 2241. This report and recommendation otherwise disposes of all issues referred to the undersigned Magistrate Judge in this matter.

The undersigned advises the parties of their right to object to this report and recommendation by the 19th day of April, 2015 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 30th day of March, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE